UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.A., <br><br> Petitioner, <br><br> v. <br><br> KRISTI NOEM, et al., <br><br> Respondents. | No. 1:26-cv-01094-DAD-SCR (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS, GRANTING PETITIONER'S MOTION TO PROCEED UNDER PSEUDONYM, AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AS MOOT <br><br> (Doc. Nos. 1, 2, 3) |

On February 9, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner also filed a motion for temporary restraining order requesting his immediate release and an order enjoining respondents from re-detaining him without first providing a pre-detention hearing before a neutral adjudicator where respondents would bear the burden to demonstrate that he is a danger to the community or a flight risk.[1] (Doc.

---

[1] Petitioner also requests that the court enjoin respondents from keeping his documents and possessions that were seized when he was re-detained. (Doc. No. 2 at 14.) The court will deny this request without prejudice because it does not yet appear ripe for resolution in light of the lack of evidence before the court at this time that petitioner's property will not be returned to him upon his release.

1

1  No. 2.)  Petitioner also filed a motion to proceed under a pseudonym in this action.  (Doc. No. 3.)
2  The same day, the court set a briefing schedule for petitioner's motion for a temporary restraining
3  order and motion to proceed pseudonymously and directed respondents to address in their
4  opposition whether any provision of law or fact in this case would distinguish it from the
5  circumstances addressed in this court's recent decisions in *Perez v. Albarran*, No. 1:25-cv-01540-
6  DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), where the court concluded that
7  due process required a pre-detention hearing to protect the petitioner's liberty interest in her
8  continued release in the context of 8 U.S.C. § 1226(a), or *Chavarria v. Chestnut*, No. 1:25-cv-
9  01755-DAD-AC, 2025 WL 3533606 (E.D. Cal. Dec. 9, 2025), where the court concluded the
10 same in the context of 8 U.S.C. § 1182(d).  (Doc. No. 5.)

11        On February 10, 2026, respondents filed an opposition to the motion for temporary
12 restraining order.  (Doc. No. 8.)  Respondents concede therein that there does not appear to be any
13 substantive distinctions between the cases cited in the court's order, and state that they do not
14 oppose petitioner's motion to proceed under a pseudonym in prosecuting this action.  (*Id.* at 1.)
15 Respondents also state that they do not oppose converting the motion for temporary restraining
16 order to a motion for preliminary injunction.  (*Id.*)  Moreover, respondents state that they do not
17 oppose resolving the underlying petition for writ of habeas corpus on the current briefing.  (*Id.*)

18        In support of his petition for writ of habeas corpus and motion for a temporary restraining
19 order, petitioner presents evidence of the following.

20        Petitioner entered the United States on September 10, 2024, encountered immigration
21 authorities at a port of entry, and was subsequently released into the United States on his own
22 recognizance on November 20, 2024.  (Doc. Nos. 1 at ¶ 20; 1-1 at 2–3.)  On November 15, 2025
23 petitioner was re-detained by immigration authorities.  (Doc. No. 1 at ¶ 2.)

24        Because respondents have conceded that this case is not substantively distinct from the
25 circumstances addressed in this court's prior order in *Perez*, and it appears that petitioner's recent
26 detention was carried out pursuant to 8 U.S.C. § 1226(a), the court incorporates and adopts the
27 reasoning set forth in that order and finds that petitioner's continued detention violates due
28 process.  Because respondents do not oppose permitting petitioner to proceed under pseudonym,

1 and in light of petitioner's application for asylum (Doc. No. 1 at ¶ 20), the court will grant
2 petitioner's motion to proceed under a pseudonym.  However, the court will not require the
3 parties to redact or file under seal documents which may identify petitioner or his family in future
4 filings in this action because in granting petitioner's habeas petition, the case will be close, and
5 this request is therefore rendered moot.

6      For the reasons above,

7    1.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

        a.    Respondents are ORDERED to immediately release petitioner from respondents' custody with the same conditions he was subject to immediately prior to his re-detention on November 15, 2025;

        b.    Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden to demonstrate that petitioner is a danger to the community or a flight risk;

        c.    Petitioner's request that the court order respondents to return his property is DENIED without prejudice;

        d.    Petitioner's request for attorney's fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to bringing a properly noticed and supported motion;

    2.    Petitioner's motion to proceed under a pseudonym (Doc. No. 2) is GRANTED;

/////
/////
/////
/////
/////
/////

3

3. Petitioner's motion for a temporary restraining order (Doc. No. 3) is hereby DENIED as having been rendered moot in light of this order; and

4. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and . to close this case.

IT IS SO ORDERED.

Dated: **February 11, 2026**    _____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE